

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00352-CR

———————————————————

DYLAN SCOTT PAYTON, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court No. DC89-CR2024-0214

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

A jury convicted Dylan Scott Payton of intentionally or knowingly possessing four or more, but less than two hundred, grams of methamphetamine with the intent to deliver and assessed his punishment at fifteen years' confinement. *See* Tex. Health & Safety Code § 481.112(a), (d); Tex. Penal Code § 12.42(c)(1). Payton timely filed a notice of appeal.

Payton's court-appointed appellate attorney has filed a motion to withdraw as counsel and a brief in support of that motion, stating that after a careful review of the record, he could not find any "legally non-frivolous issue to raise on appeal." *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See id.* In compliance with *Kelly v. State*, counsel sent Payton copies of the motion to withdraw, *Anders* brief, and appellate record, along with an explanation of the right to file a pro se response. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Counsel also explained that Payton could seek discretionary review from the Texas Court of Criminal Appeals should this court agree that the appeal is frivolous. *See id.*

Although given the opportunity to do so, neither Payton nor the State has filed a response.

We have independently examined the record, as is our duty when appointed counsel files an *Anders* brief. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim.

App. 2005); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). After carefully reviewing the record and counsel's brief, we agree with counsel that this appeal is wholly frivolous and without merit. Our independent review of the record reveals nothing that might arguably support an appeal. *See Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006); *Bledsoe*, 178 S.W.3d at 827–28.

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 23, 2026